A jury convicted the defendant of resisting arrest, reckless operation of a motor vehicle, and failure to stop for police.[1] He argues on appeal that the trial judge erred by admitting evidence of subsequent bad acts. We affirm.
Background. The jury could have found the following facts. Massachusetts State trooper Anthony Lavigne was driving on Interstate Highway 91 near the Vermont border when he saw a vehicle in front of him with no license plate light. Before he could activate his emergency lights, the vehicle pulled into the breakdown lane. Lavigne exited his police cruiser and approached the driver, later identified as the defendant. Lavigne told the defendant that his license plate light was out and requested his license and registration. The defendant produced a registration and an identification card, but could not produce a license.
Lavigne returned to his cruiser to run a computer check of the defendant's information and, based on what he learned, decided to arrest him.[2] Meanwhile, a second trooper, Steven Hean, arrived to assist Lavigne. Both approached the vehicle, and Lavigne told the defendant that he was under arrest. When the defendant refused multiple orders to exit the vehicle, the troopers tried to unbuckle his seatbelt and pull him out. The defendant responded by pulling away and swinging his arms. As he struggled, he stepped on the gas and then immediately on the brake, causing Lavigne to lose his balance and fall in the defendant's lap. The defendant grabbed Lavigne's hand and twisted his fingers in a "wrenching motion." He then reached over and struck Hean on the arm.
As Lavigne started to regain his balance, the defendant stepped on the gas again and sped off. Lavigne and Hean pursued him in separate vehicles, with their emergency lights on. The defendant was driving at speeds between one hundred and one hundred and twenty miles per hour, crossing between lanes without signaling. Hean ended his pursuit after about one mile, while Lavigne stopped at the Vermont border, about five miles from where the traffic stop occurred.
Vermont State trooper Anthony Frissora was on the lookout for the defendant's vehicle, when he saw it pass his cruiser. Frissora activated his lights and siren, but the defendant kept driving at a speed of about one hundred miles per hour. After several miles of pursuit, Frissora used "Stinger Spike strips" to puncture the tires on the defendant's vehicle, causing it to come to a stop. The defendant exited his vehicle, jumped over the guardrail, and fled into the woods, where he was later found and placed under arrest.
Discussion. The Commonwealth filed a motion in limine to admit evidence of the subsequent acts committed by the defendant in Vermont, while the defendant moved to exclude evidence of those acts. The judge allowed the Commonwealth's motion, ruling that the evidence was admissible to show consciousness of guilt.[3] The defendant does not claim on appeal that the judge erred in this respect, acknowledging that the evidence was probative of consciousness of guilt. Nonetheless, he argues that the judge should not have admitted the evidence because its probative value was outweighed by the risk of unfair prejudice to the defendant.[4] We disagree.
We review a judge's decision to admit evidence of other bad acts only for abuse of discretion, see Commonwealth v. Howard, 479 Mass. 52, 67 (2018), and we discern none here. The evidence of the defendant's flight in Vermont was probative because, to prove assault and battery, the Commonwealth had to establish that his conduct was intentional, and not accidental as argued by the defense. While this evidence was prejudicial to the defendant's case, it was not unfairly so. In addition, the judge guarded against the risk of unfair prejudice by instructing the jury, immediately after Frissora testified, that the defendant was "not being charged in this case with anything that he did or didn't do in the State of Vermont" and that the jury were "not to evaluate [his] conduct in Vermont." We presume that the jury followed these instructions. See Commonwealth v. Keown, 478 Mass. 232, 244 (2017). Indeed, the jury acquitted the defendant of the assault and battery charges, indicating that the evidence did not cause any unfair prejudice. See Commonwealth v. Hampton, 91 Mass. App. Ct. 852, 855 (2017).
Moreover, even were we to assume error, the defendant has not shown that the error was prejudicial. The evidence of reckless operation, resisting arrest, and failure to stop was overwhelming. In fact, in her closing argument, defense counsel focused entirely on the assault and battery charges while acknowledging that the jury had "heard plenty of evidence to convict [the defendant] of" reckless operation. She then concluded by asking the jury to "[h]old [the defendant] responsible for the things that he is actually guilty of" -- namely, reckless operation and "certain other offenses that he's charged with" -- but to find him not guilty of assault and battery. In these circumstances we can say with confidence that Frissora's testimony "did not influence the jury, or had but very slight effect" as to the charges for which the defendant was actually convicted. Commonwealth v. Cruz, 445 Mass. 589, 591 (2005), quoting Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994).
Judgments affirmed.

The defendant was also charged with assault and battery by means of a dangerous weapon, unlicensed operation of a motor vehicle, and two counts of assault and battery on a public employee. He was acquitted of these charges.

During a sidebar conference, defense counsel objected to Lavigne's testifying that he learned that the defendant's license was suspended. Most of the sidebar is inaudible, but we infer that the judge sustained the objection.

The judge appropriately limited the evidence, however, by precluding Frissora from testifying that he observed the defendant to be under the influence of alcohol.

The defendant argues that the test is whether the probative value of the evidence was "outweighed" by the risk of unfair prejudice, while the Commonwealth argues that the test is "substantially outweigh[ed]." We will assume, without deciding, that the defendant's formulation is correct.